## RIDGELY vs. GITTINGS.—June, 1827.

Where trustees appointed by a last will for the sale of real estate refused to act, J was appointed by the chancellor in their place, and having sold the estate, he claimed a commission for his trouble; but it appearing that he had waived all claim to commissions anterior to his appointment, and by a family-arrangement, in which he was concerned, he was procured to be appointed trustee, on the express agreement that no commissions were to be charged—Held, that he was not entitled to any commission, but only to his actual expenses incurred in the execution of the trust.

APPEAL from the Court of Chancery. Mrs. *Deborah Sterett* on the 28th of July 1812, duly made and executed, according to law, her last will and testament, whereby (among other things,) she gave and bequeathed to her four daughters, to be held for them in trust for their sole and separate use and disposal by her trustees, or the survivor of them, all the money that might be due to her from her son *Charles*, at her death, for the land that she had agreed to sell him, except $4000, which she gave to *Charles's* son *John;* and that her son *Charles* might have a good estate in fee simple, on payment of the purchase money, for which she allowed five years annual payments, with interest. She further gave and devised the said lands to her said daughters in fee, and in trust, that they and their heirs might be enabled to convey the same to the said *Charles,* and his heirs, when they were paid for; and the said testatrix, by her said last will and testament, appointed *Joseph Sterett* and *James Sterett,* and the survivor of them, executors and trustees of her said will. The said testatrix on the 12th of February 1813, duly made a codicil to her said last will, whereby, after mentioning and reciting the above bequest and devises to her daughters, she revoked the legacy to her grandson *John,* and gave to his father *Charles S. Ridgely,* an equal part with his four sisters. By an additional codicil to her will, the testatrix revoked the appointment of *Joseph Sterett* as one of the executors and trustees under the will for the purposes aforesaid, and appointed *Samuel Hollingsworth,* who refused to act; and the chancellor subsequently appointed in his place, *John S. Gittings,* (the appellee,) who took upon himself the discharge of the trust.

A bill was filed to obtain a decree for the sale of the land for the payment of the legacies aforesaid, and a decree was passed

for the sale of the premises upon certain terms, and with a stay. The auditor stated an account showing the amount due to the legatees aforesaid, and allowing to the trustees a commission of *5 per cent.* Exceptions were filed to this report in July 1821, and the case then rested until September term 1825, when the appellant filed his petition, alleging that having made a private sale of the land he was prepared to pay the amount due to the legatees, but objected to the allowance of any commission to the trustees.

Some testimony was taken under a commission, which is sufficiently stated in the opinion of the Chief Justice, delivered in this cause.

BLAND, Chancellor, (September term, 1825.) The petition of *Charles S. Ridgely*, so far as relates to the commission claimed by the trustee, and the exceptions to the auditor's report of the 23d of June 1821, standing ready for hearing, the counsel on both sides were heard, and all the proceedings were read and considered.

A trustee appointed by this court to make sale of property directed to be sold is, so far, its executive officer or agent. He is in many respects considered in the light of a sheriff, acting in obedience to a court of common law; and the commissions allowed to such a trustee are adjusted under the rule of this court in a manner analogous to the poundage fees allowed to a sheriff. But in this case *John S. Gittings,* the trustee, can in no respect whatever be considered as a mere executive officer of this court. The testatrix, *Deborah Sterett,* having disposed of her property in such a manner as to require one or two faithful agents to carry her intentions into effect, and to execute her last will and testament, she accordingly appointed two persons as executors and trustees for that purpose. One of those persons refused to act; in consequence of which this court was called on and appointed *John S. Gittings* in the place of him who refused to act. *John S. Gittings* is then, not the executive agent of this court, but the trustee or fiduciary of *Deborah Sterett,* acting for the benefit of those who are the objects of her bounty. And, therefore, as such, *John S. Gittings* is subject to all the burthens, and entitled to all the benefits, which the

trustees actually named by the testatrix would have been liable to, or could have claimed.    The amount of commission or allowance to such an executor or trustee should be the same in this court as is directed by law to be allowed by the other tribunals of the state for the discharge of similar duties and functions.  By the act of 1798, *ch.* 101, it is directed, that executors shall be allowed not less than 5 *per cent.*  This direction, in those cases, to the orphans courts, is considered a very strong indication, if not a positive command, as to what this court ought to do in this case.  But it is said, that this trustee did nothing, and in fact had not the least trouble in the sale of the land held by *Charles S. Ridgely.*  It is evident, that in all cases a trustee or executor may have much trouble, and incur much greater risk with one part of the estate than the other.    But under the act of 1798, the commissions are allowed on the whole amount as a compensation for the aggregate amount of trouble and responsibility.    It is believed the court in no case makes any distinction as to the trouble and responsibility of the executor or trustee on the several parts of an estate, but determines that the established commission shall be allowed on all generally for all labour and risk.    In this case the fiduciary responsibility was incurred for the whole, and, therefore, the trustees are entitled to commissions on the whole as estimated by the auditor.    But a trustee or executor may waive or release his claim to commissions.    And it is alleged, that the trustee, *John S. Gittings,* has done so in this case.  The testimony, however, does not satisfactorily sustain the allegation; and, therefore, the exceptions to the auditor's report must be overruled.    *Ordered,* that *Charles S. Ridgely* forthwith pay unto the trustee, *John S. Gittings,* the sum of $595 98, being one half of the commissions due to the trustees as stated by the auditor in his report.    From which order *Ridgely* appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, ARCHER, and DORSEY, J.

*R. Johnson,* for the Appellant, contended, 1. That the trustees are not entitled to any commission.    2. That they are not entitled to 5 *per cent.*    3. That from the evidence in the cause, the trustee, *John S. Gittings,* (the appellee,) agreed to act

without commission; or at any rate that he was not entitled to commissions upon the whole amount of the purchase money of the land sold to the appellant. He referred to *Green v Winter*, 1 *Johns. Ch. Rep.* 27, and *Ringgold v Ringgold*, 1 *Harr. & Gill*, 11.

*Winchester*, for the Appellee.

BUCHANAN, Ch. J. delivered the opinion of the court. The appeal in this case is not from the disallowance by the chancellor of the exceptions taken to the account stated by the auditor, but from the chancellor's order directing the appellant to pay to *J. S. Gittings*, one of the trustees, the sum of $595 98, the amount of one-half of the commissions allowed to the trustees in the auditor's report. It appears from the account stated by the auditor, that commissions have been allowed to the trustees on the whole amount of the price of the land sold to the appellant by his mother. But as she bequeathed to him one-fifth part of that amount, with express authority to retain it, the part so bequeathed, constituted, in the opinion of this court, no part of the trust fund, and consequently no commission could, we think, be properly charged upon it. And the amount ordered to be paid by the appellant, being made up in part of commissions charged upon that fifth, it is more than the appellee ought to be allowed, supposing him to be entitled to any thing; which under the circumstances of the case, we cannot admit.

There can be no doubt that a trustee may waive his claim to commission, where that claim exists; and there may be circumstances under which no such claim can justly arise. This, it seems to us, is just that case. Independent of the fact that this trustee has in truth done nothing in relation to the trust, for which he merits remuneration, but that all has been left to be done by the appellant himself, the testimony set out in the record, sufficiently proves, we think, that he would have been entitled to none, beyond his mere expenses, if he had received the money and discharged all the other duties of the trust. *Elizabeth Duckett* swears, that in a conversation between *Richard Gittings* and *Polly Gittings*, (who were concerned,) and the appellee, she heard him say he would make no charge on the

trust reposed in him, further than his expenses; that he express-
ly agreed to perform the duties of the trust without any com-
pensation; and that the conversation took place the day on which
*Richard Gittings* wrote to the chancellor recommending the
appointment of the appellee as a trustee.   And *James Gittings*
*Ringgold* swears, that on being asked by the son-in-law of *Ri-*
*chard Gittings* if he would undertake to act as a trustee, he
agreed to do so for his expenses only, without any other com-
pensation or commission; that he had held frequent conversa-
tions with the appellee concerning the trust he had accepted,
in one of which he complained that the parties ought not to
have expected of him to attend to the duties of the trust with-
out compensation, on which he advised him to make known
his views to the parties concerned, as they expected him to at-
tend to the trust upon the terms on which, he the witness, had
offered to undertake it; and that he had frequently heard the ap-
pellee admit that he had undertaken the trust on the terms pro-
posed by himself.

These witnesses stand altogether uncontradicted, and with-
out any kind of exception to their testimony, which without re-
sorting to, or calling in aid, any of the other evidence taken in
relation to this subject, clearly shows, not only that the appel-
lee waived all claim to commissions anterior to his appointment,
but that under a family arrangement, in which he was himself
concerned, he was procured to be appointed a trustee on the ex-
press agreement and understanding that no commissions were
to be charged.  This agreement and family arrangement the
appellee now seeks to violate, in which attempt he cannot, up-
on the evidence in the cause, be sustained.

ORDER OF THE CHANCELLOR REVERSED.